UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0155 (PJS/AJB) |
| Plaintiff, | |
| v. | ORDER |
| GLENN DALE ACON, JR., | |
| Defendant. | |

On May 5, 2011, the Court sentenced defendant Glenn Acon to 65 months in prison and 3 years of supervised release. This matter is before the Court on Acon's motion for a sentence reduction pursuant to U.S.S.G. § 1B1.13 on the basis of his poor health and need for surgery and other medical care.

The Court, however, is without authority to reduce Acon's sentence on this ground. Section 1B1.13 permits a court to reduce a sentence "[u]pon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A) . . . ." The Director has not made such a motion, however, and thus the Court lacks the power to reduce Acon's sentence under this provision.

Acon, who is incarcerated in Terre Haute, Indiana, also contends that he should be placed in a residential-reentry center or community-corrections center so that he may receive better medical care. This claim is more appropriately addressed in a proceeding under 28 U.S.C. § 2241, which must be filed in the district of incarceration. *See United States v. Chacon-Vega*, 262 Fed. Appx. 730, 730 (8th Cir. 2008) ("a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated"); *cf. Elwood v. Jeter*, 386 F.3d 842, 843 (8th Cir. 2004) (considering petitioner's claim regarding

eligibility for a transfer to a community-corrections center under § 2241). Acon's motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. To the extent defendant seeks a reduction in his sentence, his motion [ECF No. 88] is DENIED.

2. To the extent defendant seeks placement in a residential-reentry center or community-corrections center, his motion is DENIED WITHOUT PREJUDICE.

3. To the extent a certificate of appealability is necessary, no certificate shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 11, 2012            s/Patrick J. Schiltz
                                                                       Patrick J. Schiltz
                                                                       United States District Judge